This morning is 412-0610, Campbell v. Department of Personnel, Secretary of State et al. For the appellant is John Myers, you are he, sir? Yes, sir. For the appellee is Valerie Quinn. Mr. Myers, you may proceed. May it please the court, counsel. I'm John Myers. I represent Mr. Robert Campbell, who's in the gallery here today. This case is about a dual promotional system within the Secretary of State. There's a promotional system that's mandated by the statute, the laws and the regulations, that's based on merit principles and scientific methods, which are mandated by Section 2 of the Merit Deployment Code. But the other promotional system is the actual promotional system, which is not based on merit principles and scientific methods, but is a rather ad hoc system erected by the Director of the Department of Police, with respect at least to the Secretary of State Police. Per law and regulation, I've cited the regulations on page A54 of the brief, the promotional system is a four-step process. There's an application, there's a test, there's a promotional board, and based on that then, the other regulation is cited on A50 of the brief, and the Director of Personnel makes the decision. In this case, numbers 1 through 3 were fought. But at that point, the system jumped the rails, and that's when the Director of Police, this ad hoc system, took over. In Stages 1 through 3, Mr. Campbell was the only candidate of all these candidates who received an A rating, and Section 10B.5 of the Merit Deployment Code says that he should have received the appointment just on that basis because he's the only A rated candidate. Now Council, 10B.5 references appointments, correct? Not promotions. Well, we would contend that it refers to both. Does it actually refer to both in the language of the statute? It refers to appointments, and this is an appointment to the sergeant position, the way we read the statute. And then you have Section 10B.2 that references promotions, correct? That's correct. So we contend that just on the basis of his A rating, put it this way, Your Honor, if the A ratings aren't important, why do they bother to rate these people who are being promoted? It makes no sense to us. So you're challenging the sense of the legislative scheme here, Council? No, I would never do that, Your Honor. Oh, goodness. No, no, no, what I'm saying is I'm talking about the way the process is administered by the Department of Personnel, who bothers to give people an A rating and then say, we've given you an A rating, but it doesn't mean anything. The Department of Personnel applies veterans' points, veterans' preferences, and then they say, we've done that, but it doesn't mean anything. That's what we're challenging, not obviously the language of the statute, but its interpretation and application by the Secretary of State. Our biggest problem here is what happened after the statutorily and regulatorily, if that is a word, the procedure set forth in the regulation. After that happened, then what happened is this ad hoc system took place. And perhaps the most bothersome thing for us is the fact that this promotional report has three people on it. And Mr. Campbell received second highest grade in a large field from the promotional report. Then the director of police has a staff meeting. And part of the staff meeting, two of these people who are on the promotional board sit in the staff meeting and basically do an about face from what they found while sitting on the promotional board, where they found that Mr. Campbell was the second most qualified guy. These two members of the promotional board are sitting in the conference room with the director of police, and they're saying bad things about Mr. Campbell. When you say they found he was the second most qualified guy, aren't they actually looking at objective answers? They have like an answer key to the questions they're asking in that interview process. And they're scoring each applicant based on their answers compared to their answer key. And based on that test they're giving during that interview, they're grading each one. And he came second on that. Well, I think that's correct. But we would contend that the language of the regulation, if you're talking, the promotional board is supposed to look at the entire candidate. And the fact that they come up with a list of questions, you know, the statute and the regulations say the promotion board is supposed to look at all the candidates' qualifications, and there isn't supposed to be under the statute and regulations the second ad hoc procedure of the director and his staff. Well, Mr. Byers, if we accepted that argument, it seems to me from reading your briefing, basically what you're arguing today is that the senior staff should have no discretion to even meet with the director and discuss the applicants, even though they may be familiar with the people who've applied because it's a promotional process. Your Honor, I'm saying yes. The short answer to that is yes. The longer answer is that that's the way the statute and the regulations have been set up. And I think it's fundamentally unfair and improper for the people who are on the promotional board to then go and meet with the director and say, you know, he may have been the most qualified guy for our promotional board, but you better not promote this guy. There's something fundamentally unfair about that. Let me ask you this. When you're making an appointment to hire somebody and they get the veteran's preference and they take the exam and all those things are considered, it seems to me that that's a different process than making a decision of who should be promoted when leadership skills are involved in those types of intangible things that might allow somebody who maybe scored less on a written exam but has the leadership capability to be promoted. It seemed to me like you wanted a black and white and you think that the statutes and the administrative rights provide a black and white. I think they do because otherwise, you know, it's a rhetorical question, but what is the point of having a promotional board if all you're going to do is have the senior staff of the Department of Police sit in the conference room and decide who's going to be promoted or not promoted? Well, wouldn't it be helpful? I mean, I'm just trying to think of why this might work this way. It might be helpful to the director to have the applicants filtered by their qualifications on paper. So in other words, it seemed to me the Department of Personnel was saying, here is a pool of candidates who are qualified for promotion. They meet the minimum standards. And then they turn it over to the police board or the promotion board and the director to decide who gets the promotion. Your Honor, the problem here and the testimony in the hearings in the merit commission were clear. That what happened is in the director's conference room, when they were going over the candidates, there was a fundamentally unfair process that was happening. These half-remembered incidents that might have happened, might not have happened. Rumors. The director is allowed to talk to other candidates. The director talks to other candidates. Officer Blutter, what do you think of Campbell? Well, I don't like Campbell. You know, even if you're not going to promote me, don't promote him. There's nothing about that in the statute. And I think the statute is precisely designed to do away with the buddy system, the crony system, and these kinds of decisions that are made in conference rooms, not based on scientific and merit principles. Well, counsel, given your argument then, wouldn't it require that the statute have a deed that says, and the person who scores the highest on this testing shall be promoted to the position? Well, Your Honor, I find it interesting that the regulations say that the decision is made by the Department of Personnel. The regulations don't say that it's made by the Department of Police, but the record here was clear that it was made by the Department of Police. But the statute doesn't indicate that the person who scores the highest on the testing and application procedure, it doesn't say that that person has to be the one promoted either, does it? It does not say that, Your Honor, but I think the system is set up. If the director of personnel is the person who makes the decision, then these meetings in the command center's conference room, where people are allowed to talk about rumors and things that happened ten years ago, the statute is designed to avoid that and commit the decision of promotion. I say the statute, I should say the statute and the regulation are designed to commit the promotion decision to the director of personnel, not to the director of police. But it actually says that personnel shall approve the promotion. Correct. That's exactly right. It doesn't say shall make the decision regarding promotion, but what I think that could be read to read, once the decision to make that person promoted, then it goes over to personnel and they have to approve it. Well, I hear you, but how different is that from saying that the director of police is making the decision? To me, it's... Well, basically in terms, right? Isn't he making the decision or recommendation, whatever you want to call it, and then it goes to the director of personnel to approve? Well, but there's no criterion by which the director of personnel would disapprove. So what's happening is the decision is being made by the department of police. And I totally agree that if we didn't have a civil service system, a merit comp system, I totally agree that promotion should be at the whim of the director. I agree with that. The problem here for the Secretary of State is there is this merit comp system. And the director has erected his own procedures on top of it. To me, it's just crystal clear, but I guess that's why we're here. There are reasonable people, perhaps, that disagree on that. So it's our contention, again, that the way this statute has been interpreted and applied by the Secretary of State is incorrect and improper. And I'd leave you with a thought. Like everybody else, I'm an expert because I get on Wikipedia, right? So I was looking at some civil service things the other day. In 1881, President Garfield, who was assassinated four months into office, he ran as a reform candidate because of the abuses of the Reconstruction era. And his main thing in office was, I'm going to reform civil service. And here's what he said, because I think it's absolutely apt. He said, quote, in his inaugural address, the civil service can never be placed on a satisfactory basis unless it is regulated by law. And we contend that there is law, there is regulations, that govern this procedure here. They haven't been followed. And that's why Officer Campbell is here seeking redress. Mr. Myers, if we accepted your position, tell me why this isn't true. And I'm not saying your client is. But let's say whoever we're talking about scored the highest on every exam that was given. But he was a complete jerk, and nobody liked working for him. And he couldn't lead his people. Are you saying that the Department of Police would have to promote him regardless of his prior work performance? I'm glad you asked that question. In the regulations, there's a statement that the department is required to have these personnel review reports. Like when I was in the Army, every six months I had an officer efficiency report. The statute and the regulations require the department to do that. The department doesn't do that. And so these performance-based decisions that are being made by the director are strictly based on rumor, hearsay, things that happened ten years ago. There's no personnel file. The testimony was clear. Nobody's personnel file was present in these statutes. So it boils down, and I hate to say it, but it boils down to a crony system based on popularity. And that's not, I think, Your Honor, what the... You didn't answer Justice Pulp's question. The question wasn't on the quality of the evidence. The question was dealing with if the evidence, let's assume it was videotaped display of this person acting like a jerk. Well, I think... Is that something which is capable of being considered? At the promotional board level, of course. Well, where is it in the statute? In the director's conference room? I think not. That's why we're here. That's our position. And I'm sorry I didn't answer your question. I got caught up in my own rhetoric by James Garfield. Thank you, Your Honor. Thank you, counsel. Further questions? Ms. Quinn. May it please the Court. Counsel. Hello. I'm Valerie Quinn, Assistant Attorney General on behalf of the Secretary. Qualified candidates have the right to be considered for promotion, but nobody has an automatic entitlement to be promoted. That's not the way the world works. Personnel's role here was to administer the testing process to make sure  the candidates had the minimum qualifications to be considered for promotion. That promotion itself was a discretionary decision on the part of the Director of Police. Personnel doesn't get to make it. They may approve it at the end, but it's the Director of Police who knows his department the best, who knows what kind of skills and overall fit he's looking for. He's the one who gets to make the decision. And that's where that final personal interview comes in, because that gave the Director of Police the opportunity to observe these candidates' demeanor, to see how they answered questions, to find out what was important to them, to try to get a sense of the skills they would bring to the job, and to collect whatever information you can get from the verbal and nonverbal cues that everybody gets off when you meet them face-to-face. For police departments, probably the most important skill is the skill of leadership. That's the ability to manage your team, to inspire in them confidence, loyalty, and trust. The commanding officers here all testified that that really is what they were looking for at the end of the day in this pool of candidates. And that is something that is not easily measured by tests and exam questions. And it's important to remember also that with respect to Mr. Campbell, the department and the Director had a year within which to observe how he handled the interim role of supervisor. And from their observations and their feedback, it was their sense that at the end of the day he did not perform as well in that role as they would have hoped. And it was the Director's decision at the end that he really was not the right fit for this promotion at this time. And that was the Director's decision to make. And it was not one for the Merit Commission to second guess as long as the rules were followed. And here they were followed. Does the Court have any questions about the testing process and how it worked? You mean you're not here defending a system of cronyism? You know, the skill in management and leadership is really, really important. And one could call that a popularity contest. That would be a disparaging way to put it. But really this is about leadership. This is about leadership skills, about management style. And that at the end of the day really was the most important consideration here. Everybody in this array of names that was presented to the Director had the minimum qualifications. They passed their exam. They got a good score on the oral board, also called the structured interview. That was not, by the way, a promotional board. That was a group of commanding officers gathered from around the state to administer these test questions to these applicants. But, again, the decision was not theirs to make. It was the Director's. Unless the Court has any questions for me. Do you think the statute draws a clear distinction between promotion and initial appointment? I think it does. They are treated separately in separate areas of the statute and the regulations. For initial appointments they talk about eligibility lists, which they didn't have to do here because this was a promotion. But even when you're talking about eligibility lists, the language still says you can pick from the highest rating group of ten, or you can pick from a group of three or more. You don't have to pick the person at the top. You can pick number ten if you think that he has the skills and the personality that you're looking for, that he is the best fit for the job. I think part of the problem is why, when they administer this exam, did they give Mr. Campbell veterans points when they weren't going to promotion? It seems like you're in a rigid system and because an exam was given, we have to give them the veterans points on the exam because that's what the statute says. But they don't matter for promotion. So why are we doing it? Now if this position had been opened as a first hire position, then the hiring preference would kick in. They give veterans points on all examinations. They give the score boost is what they call it. But if it had been opened to the outside and Mr. Campbell applied for it. Right. A first time hire from the outside? No. He's in his position where he is. Was he a sergeant already? He was an investigator. Okay. Investigator. He's applying for the sergeant position. All right. So let's say he's already employed in the Secretary of State's office, but they open it up and anybody can take the exam and apply for that spot, including him I would think. Right. Is that considered an appointed position or a promotion? That's considered a promotion. Just because he's already working for the department? Because he's already working. It's a promotion. It's a raise in grade. And they give a preference in hiring. They don't give a preference when they're promoting. Okay. But if they're hiring from anywhere in the world, anybody can apply. And it's a hiring decision. I think that's where their problem comes in. He doesn't get his veterans points or preferences, even though they've opened it up to everybody else in the world. Is that true? Is that what your position is? This was open to anybody within the Secretary of State, as far as I know. That's why they had Capitol Police, who are also part of the Secretary of State Police Force. That's why they had those people applying. So it was open in that sense. But these people were all employed by the Secretary. So in that sense, it is a promotion, not an initial hire. So let me ask you this. If it had been opened, say they have a vacancy in this position and they decide to recruit from out of state even, does Mr. Campbell get to apply for that and get his preferences applied to his application in that process? So if he came, say, from Indiana or from the Chicago Police Department? No, if others were coming from Indiana or the Chicago Police Department and he was working in the Secretary of State and wanted to apply for that open position, does he get his veterans preferences and his test scores and all that to get him into a pool of applicants for that position? No one internally would get the veterans preference, as I understand it. They all get the points on their exam, I believe because it's too difficult to administer who gets the score boost and who doesn't. But in terms of the preference, people already working for the Secretary don't get it. Even for an outside position where somebody else who might be coming from Indiana to apply was a veteran and they would get their veterans points because they've never been hired before. Right. It's two different things, Your Honor. Maybe that's my difficulty. Everybody gets a score boost on their written exam. That's called the points. But then there's also the preference that outside people who are coming to the Department for the first time, they get a preference in hiring. That's how the veterans preference the hiring process. It doesn't speak well what the Department must think of its own people. Well, the idea is to ease the transition from military life into the workforce. That's why they do this. So when you're coming in from outside, they'll give you a preference. If you're already there, they figure, well, you've made the transition already. You don't need that extra help. They give them the points anyway, whether they should or not, on their exam. But they don't get a promotion. Anything further, Counsel? No, Your Honor. We stand on our roots and we urge support from the Merit Commission. Okay. Thank you very much. Mr. Myers, any rebuttals, sir? Very quickly. Okay. On the veterans preference, I mean, the Denton case says, and of course it's interpreting a different civil service statute, but the language is the same. The Denton case talks about if you have category ratings, A, B, C, then the veterans preference is absolute. If you have numerical ratings, then you get points. Here we know that folks are given category ratings, A, B, C. Mr. Campbell was the only A. There were a number of Bs. We would contend that under the Denton formulation, he's entitled to the absolute veterans preference. Okay. Thank you, Counsel. We'll take this matter and advise it will be in recess.